IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Maryam Abubakar, | |
| Plaintiff, | |
| | Case No. 21-cv-06248 |
| v. | |
| Walmart, Inc., | Judge Mary M. Rowland |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Maryam Abubakar ("Abubakar") brings this *pro se* employment discrimination suit against her former employer, Walmart, Inc. ("Walmart"). Walmart partially moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, Walmart's motion [20] is granted.

**I. Background**

For the purposes of the motion to dismiss, the Court accepts as true the factual allegations taken from the operative complaint (Dkt. 18) and from documents attached to the operative complaint. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) ("the contents of [an attached] document become part of the complaint and may be considered as such when the court decides a motion attacking the sufficiency of the complaint.").

Abubakar began her employment for Walmart on December 26, 2019 at its Lincolnwood, Illinois location. Dkt. 18 at 8. Abubakar wore a Muslim women's head covering—a hijab—to work from the onset, and her managers knew that she had

1

moved to the United States from Saudi Arabia. *Id*. at 14. Abubakar's managers would sometimes call on Abubakar to translate from Arabic to English, or vice versa. *Id*.

Shortly after starting, Abubakar began to experience mistreatment by her Walmart managers and co-workers. On one occasion, Walmart managers refused to allow Abubakar to return to work due to her medical condition. *Id*. at 14–15. On another occasion, a Walmart co-worker named "DT" bent over and rolled his pants down his buttocks when Abubakar approached him. *Id*. at 15. Abubakar reported these incidents to Walmart's ethics helpline and to Walmart management. *Id*. at 15–16. Instead of receiving relief from Walmart, Abubakar's managers admonished her for filing the ethics reports. *Id*. at 16.

Walmart "constructively discharged" Abubakar on November 19, 2020. *Id*. at 8. On March 11, 2021, Abubakar filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination by Walmart based on "[her] race, Black, [her] national origin, Nigerian, [her] religion, Islam, [her] sex, female," "[her] disability," "[her] age, 42," and "in retaliation for engaging in protected activity." *Id*. at 8–9. In the charge, Abubakar selected the form boxes for "Race," "Sex," "Religion," "National Origin," "Retaliation," "Age," and "Disability" as a basis for discrimination, leaving the boxes for "Color," "Genetic Information," and "Other" blank. *Id.* at 8.

On August 31, 2021, the EEOC issued a dismissal and notice of a right to sue within ninety days. *Id*. at 7. Abubakar then timely filed her complaint with this Court on November 22, 2021. In her complaint, Abubakar claims that Walmart

2

discriminated against her on the basis of: (i) color, national origin, race, religion, and sex, in violation of Title VII and 42 U.S.C. § 1981; (ii) disability, in violation of the Americans with Disabilities Act ("ADA"); and (iii) age, in violation of the Age Discrimination Employment Act ("ADEA"). Dkt. 18 at 3–4. Abubakar contends that Walmart intimated and coerced her, failed to promote her, failed to reasonably accommodate her disabilities, failed to stop harassment, and retaliated against her for asserting her rights. *Id.* at 4–5.

Walmart filed a partial motion to dismiss, seeking dismissal of Abubakar's color, age, national origin, religion, and race discrimination claims. Dkt. 20. Walmart does not seek dismissal of Abubakar's disability discrimination, sex discrimination, or retaliation claims.

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (citation

and internal quotation marks omitted). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (cleaned up).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In addition, the Court construes the *pro se* complaint liberally, holding it to a less stringent standard than lawyer-drafted pleadings. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### III. Analysis

Walmart makes several arguments in support of its motion to dismiss. It argues that Abubakar failed to exhaust her administrative remedies on her color discrimination claim. Walmart further contends that Abubakar failed to state claims for discrimination based on color, age, national origin, religion, and race. Walmart also argues that the complaint is an improper "shotgun" pleading and that Abubakar conceded certain arguments.

### A. "Shotgun" Pleading

Walmart begins by arguing that Abubakar's entire complaint should be dismissed because it is a "shotgun" complaint. Dkt. 21 at 6. "Shotgun" complaints refer to pleadings that are "so lengthy, repetitive, and jumbled as to make it impossible for [d]efendants or the court to ascertain which facts are relevant to which claims and to which defendant(s)." *Eberhardt v. Vill. of Tinley Park*, No. 20 C 3269, 2020 WL 10618313, at *1 (N.D. Ill. Oct. 14, 2020); *CustomGuide v. CareerBuilder, LLC*, 813 F. Supp. 2d 990, 1001 (N.D. Ill. 2011) ("shotgun pleading" makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.") (citation and internal quotations omitted). Such complaints violate Federal Rules of Civil Procedure 8 and 10 because they do not "give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011); *see also U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

Here, Walmart takes issue with the fact that Abubakar has checked virtually every box on her form complaint but did not separate her allegations by claim. Dkt. 21 at 6. Abubakar's complaint, however, is not a "lengthy morass of irrelevant distractions" that would render it unintelligible or impossible to answer. *Shah v. Walmart Stores, Inc.*, No. 3:21-CV-50277, 2022 WL 1746850, at *4 (N.D. Ill. May 31, 2022). Rather, particularly for a *pro se* plaintiff, it is concise, and its factual allegations are largely germane to the claims of employment discrimination. The complaint sufficiently puts Walmart on notice of each of Abubakar's claims. On the

5

whole and construing the complaint liberally as the Court must for a *pro se* plaintiff, the complaint does not rise to a level of incoherence that would make it impossible to defend. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) (noting that courts should take "appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds."). Thus the Court will not dismiss the complaint on this basis.

### B. Exhaustion of Administrative Remedies

Walmart contends that Abubakar's color discrimination claim should be dismissed because Abubakar failed to exhaust her administrative remedies. Dkt. 21 at 8–9.[1] "[A] Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). This rule is designed to give notice to the employer of the claims against it and to provide an opportunity for the EEOC and the employer to settle the dispute. *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005). The exception to this rule "applies to claims that are like or reasonably related to the EEOC charge and can be reasonably expected to grow out of an EEOC investigation of the charges." *Sitar v.*

---

[1] Walmart contends that Abubakar's failure to address its arguments in its motion to dismiss constitutes waiver. Dkt. 25 at 1–2. Although failure to respond to an argument generally results in a waiver, "courts have discretion to excuse a plaintiff's failure to respond." *Hudson v. Gaines*, No. 20 C 5663, 2022 WL 4272781, at *3 (N.D. Ill. Sept. 15, 2022) (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 722 (7th Cir. 2011)). This is particularly true for a *pro se* plaintiff. *See Socha v. Pollard*, 621 F.3d 667, 673 (7th Cir. 2010). The Court addresses Walmart's arguments as discussed herein so it will not dismiss solely based on waiver. However, particularly for the issue of exhaustion, which Abubakar fails to address at all, waiver bolsters Walmart's argument for dismissal. *See e.g. Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (the court "cannot fill the void by crafting arguments and performing the necessary legal research" for a *pro se* litigant).

*Indiana Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003) (internal quotations omitted). "The standard is a liberal one, reading the allegations of the EEOC charge broadly to take into account the fact that EEOC charges are often filed *pro se*." *Nickerson v. US Airways, Inc.,* No. 15 C 2970, 2016 WL 3563807, at *2 (N.D. Ill. July 1, 2016).

Under the case law, color discrimination, as opposed to race discrimination, "arises when the particular hue of the plaintiff's skin is the cause of the discrimination." *Sullivan v. Presstronics, Inc.*, No. 96 C 7436, 1997 WL 327126, at *2 (N.D. Ill. June 11, 1997); *see also Williams v. Wendler,* 530 F.3d 584, 587 (7th Cir. 2008). Here, even under a liberal reading, Abubakar's EEOC charge lacks any suggestions that her skin tone motivated the alleged discrimination. As Walmart points out, Abubakar did not check the "color" discrimination box on the EEOC charge, and her written narrative contains no reference to any discrimination based on the hue of her skin. While Abubakar does allege discrimination based on "[her] race, Black," this allegation, standing alone, is insufficient to find a claim for color discrimination. *See Evans v. Folding Guard Co.*, No. 15 C 7694, 2016 WL 233095, at *1–2 (N.D. Ill. Jan. 20, 2016) (dismissing a Title VII color discrimination claim where plaintiff's EEOC charge only claimed race discrimination); *Howell v. Rush Copley Med. Grp. NFP*, No. 11 C 2689, 2012 WL 832830, at *3–4 (N.D. Ill. Mar. 12, 2012) (holding that an EEOC charge alleging discrimination based on "my race, Black" was insufficient to allow a plaintiff to pursue a Title VII color discrimination claim).

7

Therefore, the Court dismisses Abubakar's Title VII color discrimination claim for failure to exhaust administrative remedies. The Court, however, will not dismiss Abubakar's claim for discrimination based on color under §1981 based on failure to exhaust because unlike Title VII, § 1981 does not require plaintiffs to bring EEOC charges before filing a claim in federal court. *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 539 (7th Cir. 2007).

### C. Legal Sufficiency of the Claims

Walmart contends that Abubakar failed to state facially plausible claims for discrimination based on color, age, national origin, religion, and race because her allegations are conclusory. Dkt. 21 at 7. To state a claim for discrimination under Title VII[2] and the ADEA, a plaintiff "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of" a protected characteristic. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). While "detailed factual allegations" are not required to survive a motion to dismiss, simply pleading that a defendant belongs to a particular protected group and suffered ill-treatment is not enough. *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016). Some causal relationship between the two claims, beyond "mere labels and conclusions," must be shown. *Id.* (internal quotations omitted). This relationship can be shown or inferred in a variety of ways, but without it, a discrimination claim cannot survive a motion to dismiss. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776

---

[2] The analysis Abubakar's discrimination claims under Title VII and Section 1981 is largely identical. *Smith v. Chi. Transit Auth.*, 806 F.3d 900, 904 (7th Cir. 2015).

(7th Cir. 2022) ("a plaintiff must advance plausible allegations that she experienced discrimination because of her protected characteristics.").

Even construing the *pro se* complaint liberally, the complaint does not contain factual allegations connecting Abubakar's mistreatment by Walmart to her color, age, national origin, religion, or race. Putting aside Abubakar's conclusory statements that she was "discriminated against because of [her] race, Black, [her] national origin, Nigerian, [her] religion, Islam" and "[her] age, 42," the only factual details that Abubakar provides are that she "wore a Muslim women's heading covering (hijab)" to work, that Walmart "knew that [she] had moved here from Saudi Arabia," and that her Walmart managers asked her to "translate from Arabic to English or vice versa." Dkt. 18 at 8–9, 14. But this does not give rise to the inference that Walmart mistreated her on the basis of those protected characteristics.[3]

To survive a motion to dismiss, Abubakar must allege more than just generalized allegations of discrimination by Walmart. *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 855 (7th Cir. 2019) (a plaintiff asserting a discrimination claim cannot rely on "generalized allegations alone…but must combine them with facts particular to [her] case to survive a motion to dismiss"). She must plausibly allege facts that Walmart's mistreatment was because of her color, age, national origin, religion, or race. It is

---

[3] Abubakar provides additional allegations of discrimination in her opposition brief. Dkt. 23. Walmart argues that this constitutes improper amendment. Dkt. 25 at 1 n.2. Facts alleged in an opposition brief to a motion to dismiss "may be considered when evaluating the sufficiency of a complaint so long as they are consistent of the allegations in the complaint." *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir.1997). The Court does not find Abubakar's additional allegations to be inconsistent, but they also do not cure the deficiencies in her complaint discussed herein.

the *because of* connection that Abubakar is missing here. *See Kaminski,* 23 F.4th at 778. Accordingly, Abubakar's claims for discrimination based on color, age, national origin, religion, and race are dismissed without prejudice.

IV. Conclusion

For the reasons stated herein, Walmart's partial motion to dismiss [20] is granted. Abubakar's claims for discrimination based on color, age, national origin, religion, and race are dismissed without prejudice. Because of the liberal pleading standard particular for *pro se* litigants, the Court will allow Abubakar to file an amended complaint *if she can cure the deficiencies in the complaint* as discussed in this order. If she chooses to amend her complaint, she should file a First Amended Complaint on or before November 8, 2022. Abubaker's claims based on gender, disability and retaliation may proceed, without amendment to the complaint. Finally, Abubakar's response brief, styled as a motion [23] is denied.

E N T E R:

Dated: October 25, 2022

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

10